

Roger-Boyer :Felt, Secured Party Creditor and
Agent for ROGER B. FELT and/or ROGER B.
FELT D.D.S,
c/o 599 West Gentile Street
Layton, Utah state (Non-domestic/ZIP exempt)
[near 84041]
united States of America

## IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| ROGER B. FELT and/or<br>ROGER B. FELT D.D.S.<br><br>    Petitioner,<br><br><br>       v.<br><br><br>BARBARA VAN MONDFRANS, REVENUE<br>AGENT, DEPT. OF THE TREASURY,<br>INTERNAL REVENUE SERVICE; and<br>UNITED STATES OF AMERICA; and<br>JAMES B. IVIE, DAVIS CO. ASSESSOR,<br>FARMINGTON, UTAH; and DREAMHOST,<br>LLC; and HU-FRIEDY MANUFACTURING<br>CO., INC; and BRYAN STEELE, CITY<br>TREASURER, LAYTON CITY, UTAH; and<br>JIM HENDERSHOT, PRESIDENT,<br>MOUNTAIN CITY COMMERCIAL,<br><br>    Respondents. | )<br>)<br>)<br>)Civil No. _____<br>)<br>)**VERIFIED PETITION TO QUASH**<br>)**THIRD PARTY SUMMONS(ES)**<br>)<br>) Case: 1:10mc00048<br>) Assigned To : Campbell, Tena<br>) Assign. Date : 4/12/2010<br>) Description: Felt v. Mondfrans et al.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

| | |
|---|---|
| **State of Utah** | ) |
| | :ss |
| **Davis County** | ) |

COMES NOW Affiant, Roger Boyer Felt, sentient being, as attorney-in-fact authorized to

1

represent the captioned ens legis fiction, **ROGER B. FELT** and/or **ROGER B. FELT D.D.S.**, hereinafter ("Petitioner" as well as "FELT"), to make this Verified Petition to Quash Third Party Summons(es) as a matter of right under 26 U.S.C. § 7609(b)(2).

Agent for Petitioner is in correct public capacity as beneficiary to the Original Jurisdiction, a sovereign Man, being of majority age, competent to testify, a self-realized entity, a free man, sui juris, without obligation of vassalage or fealty, upon the land, my "yes" be "yes", my "no" be "no", do state under penalty of perjury under the laws of the United States of America that the following truths and facts herein are of first-hand personal knowledge, true, correct, complete, certain and not misleading, so help me GOD.

Agent for and on behalf of Petitioner Roger B. Felt, pursuant to the Internal Revenue Code <u>26 U.S.C. §§ 7603, 7609(b)(2) and 6103</u>, hereby <u>timely</u>[1] petitions this Court to quash the administrative Third-Party Summons dated March 17, 2010 for appearance or submission of documents by April 12, 2010, issued by **BARBARA VAN MONDFRANS**, employed as a revenue agent for the **INTERNAL REVENUE SERVICE** (hereinafter, "IRS"), which is not an "**<u>agency" defined pursuant to 26 U.S.C. § 6103(b)(9) within the meaning of 5 U.S.C. § 551(1)</u>** of the federal government.

The official seal of the Internal Revenue Service impressed on the subject Summons, form 2039, identifies the Internal Revenue Service to be operating under the auspices of the "Treasury" which is additionally identified in the bottom left hand corner of Part C of the subject

---

[1] Constitutional due process of law under U.S. Const. 5th Amendment demands "notice" and "right to be heard". The Constitution is a common law instrument. Legislative acts adopting terms from the common law adopt also the law regulating its incidents and properties, unless repugnant to that instrument. ANDERSON v. DUNN, 19 U.S. 204, 216 (1821) Petitioner reserves due process of law right to common law "notice" i.e., notice expressly and actually given, and brought home to the party directly. Petitioner received actual notice of summons March 22, 2010.

Summons as the "Department of the Treasury". Nothing identifies the "Treasury", a.k.a

"Department of the Treasury" as the "Treasury of the United States" or the "U.S. Department of

the Treasury".

The "Treasury of the United States" is a subdivision of the "U.S. Department of the

Treasury", a constituent bureau within the entire Department, as authorized by 31 U.S.C. § 302.

The "Internal Revenue Service" is often said to be the associated name change of the "Bureau of

Internal Revenue", however, the Supreme Court in CHRYSLER CORP. V. BROWN, 441 U. S.

281 (1979) at footnote 23 said the **"[t]here was virtually no Washington bureaucracy created**

**by the Act of July 1, 1862, ch. 119, 12 Stat. 432"**, the statute to which the present Internal

Revenue Service alleges its origins can be traced. The Guarantee Clause in the U.S. Constitution

guarantees the Rule of Law to all Americans (we are to be governed by Law and not by arbitrary

bureaucrats). See U.S. Const., Article IV, Section 4. Since there was no organic Act creating the

IRS as a service, bureau, office or other subdivision of the U.S. Department of the Treasury i.e.

the one authorized by sections 301 thru 313 in Title 31 of the U.S. Code, it appears the IRS is not

a lawful organization of the United States Department of the Treasury.

The only mention of the IRS anywhere in 31 U.S.C. §§ 301-310 is an authorization for

the President to appoint an Assistant General Counsel in the U.S. Department of the Treasury to

be the Chief Counsel for the IRS.

BARBARA VAN MONDFRANS, employed as a "Revenue Agent" for a non-agency of

the United States issued summonses to Mountain City Commercial, Attn: Jim Hendershot,

President, 2036 S. Lincoln Ave, Suite 101, Ogden, UT  84401; Davis County Assessor, Attn: James

3

B. Ivie, County Assessor, P.O. Box 618, Farmington, UT 84025; DreamHost, PMB #257, 417

Associated Road, Brea, CA 92821; Hu-Friedy Chicago, Attn: Amy Schroeder, Controller, 3232 N.

Rockwell, Chicago, Il 60618-5982; and Layton City, Attn: Bryan Steele, City Treasurer, 437 N.

Wasatch Drive, Layton, UT 84041, hereinafter ("Summoned party/parties").

Revenue Agent BARBARA VAN MONDFRANS substantially failed to comply with

the statutory provisions of the Internal Revenue Code and Treasury Regulations applicable to

Third Party Summons; including, but not limited to 26 U.S.C. § 7603 as implemented through

federal tax regulation, 26 CFR § 301.7601-3.

This Court has jurisdiction pursuant to the above referenced U.S. Code section. This

petition is supported by the following Memorandum of Points and Authorities.

## I.
## Standards for Non-attorneys before the Court – Substance Over Form

Petitioner, Roger-Boyer :Felt, Authorized Representative for ROGER B. FELT, moves

this Court as attorney-in-fact for FELT, is unschooled in law, and therefore is waived from being

held to the standards of a bar attorney as stated in Haines,

> **"however inartfully plead, [pro se] must be held to a less stringent standard
> than formal pleadings drafted by bar-admitted attorneys and can only be
> dismissed for failure to state a claim if it appears beyond a doubt that the pro
> se litigants can prove no set of facts in support of [his] claims which would
> entitle them to relief."** Haines v. Kerner, 404 U.S., 519-521; Richardson v.
> Flemming, 651 F 2d at 368 (quoting Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285,
> 50 L.Ed.2d. 251, (1976); Conley v. Gibson, 355 U.S. 41, 78 S. Ct. 99, 2 L.Ed.2d
> 80 (1957); Alexander v Ware, 714 F.2d 416 (1983); Hayes v Western Weighing
> and Inspection Bureau, 838 F.2d. 1434 (5th Cir. 1988)). ". . . pro se litigants
> factual allegations in the complaint must be accepted as true, along with any
> reasonable inferences that may be drawn there from. Ryland v. Shapiro, 708 F.2d.
> 987 (5th Cir.1983). pro se litigants *complaint* must not be read "too narrowly", but
> must instead be read "liberally" so that any inferences may be drawn there from.

4

<u>Bruce v. Wade</u>, 537 F.2d.850 (5th Cir.1976)

Petitioner respectfully moves this Court take judicial notice of *Haines*, supra, as such doctrines are applicable in this instant case and the Petitioner has every intention of honoring the Court's decorum.

## II.
## Jurisdiction And Venue

1. Jurisdiction over this action is conferred upon this Court pursuant to 26 U.S.C. §§ 7602, 7603 and 7609 and 28 U.S.C. §§ 1340 and 1345.

2. Venue is proper in this Court under 28 U.S.C. § 1391 only where the United States has territorial jurisdiction under U.S. Const., Art. IV, sec. 3. The proper venue for Petitioner is within a district wherein a U.S. Const. Art. III court can be found. Petitioner has been unable to identify such a court in the state of Utah to request a change of venue. Under necessity and protest, Petitioner waives venue for reason that no other remedy appears to have been made available for access to an Art. III court in Utah for Petitioner.

## III.
## Petitioner's Allegations Are Not Made With Frivolous Intent

The Petitioner seeks not to state frivolous or baseless claims. In *Hernandez v. Denton* 861 F.2d 1421 (1988), the Court of Appeals for the 9th Circuit identified frivolous claims as allegations which conflicted with judicially noticeable facts, that is, facts "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Hernandez v. Denton* 861 F.2d 1421, 1425 (1988).

The Supreme Court stated in *Neitzke v. Williams*, 490 U.S. 319 (1989):

". . . a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." *Id.* at 325.

In *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), the Supreme Court stated:

"[s]ome improbable allegations might properly be disposed of on summary judgment, but to dismiss them as frivolous without any factual development is to disregard the age-old insight that many allegations might be 'strange but true; for truth is always strange, stranger than fiction.'" 504 U.S. at 33 (quoting Lord Byron, "Don Juan," canto XIV, stanza 101) (T. Steffan, E. Steffan & W. Pratt eds. 1977)

## IV.
## Joinder of Parties

The Petitioner, Roger B. Felt is in receipt of a Third-Party [Internal Revenue Service] 2039 Summons dated March 17, 2010 for appearance or submission of documents on April 12, 2010, signed by Revenue Agent BARBARA VAN MONDFRANS, issued and sent to Mountain City Commercial, Attn: Jim Hendershot, President, 2036 S. Lincoln Ave, Suite 101, Ogden, UT 84401; Davis County Assessor, Attn: James B. Ivie, County Assessor, P.O. Box 618, Farmington, UT 84025; DreamHost, PMB #257, 417 Associated Road, Brea, CA 92821; Hu-Friedy Chicago, Attn: Amy Schroeder, Controller, 3232 N. Rockwell, Chicago, Il 60618-5982; and Layton City, Attn: Bryan Steele, City Treasurer, 437 N. Wasatch Drive, Layton, UT 8404, hereinafter ("SUMMONED") party or parties requesting records belonging to the Petitioner, Roger B. Felt, in violation of 26 U.S.C. § 6103, et. seq.

Pursuant to Fed. R. Civ. P. – Rule 18, the Petitioner hereby joins all parties named herein to this cause of action. The Petitioner is with information and belief that the above named third-party Respondent possess information regarding the Petitioner Roger B. Felt that is confidential

in nature, and not subject to release or review – until such time the Respondents have complied

with all requisites that would allow disclosure.

> ". . . if the joined claims do arise from the same case or controversy, the court may
> exercise supplemental jurisdiction over the claims." *See Leham v. Revolution
> Portfolio LLC*, 166 F.3d 389, 394, (1st Cir. 1999).

Therefore, in the interest of justice and rights secured pursuant the Fourth Amendment to

the United States Constitution, which is applicable in this instant case because evidence provides

that Revenue Agent BARBARA VAN MONDFRANS failed to comply with substantive and

procedural due process, the Court must prohibit all third parties from releasing any such

documentary information without cause and likewise prohibit the examination of any such

information without cause.

## V.
## History and Facts of the Case

1. The Petitioner, Roger B. Felt is in receipt of a Third-Party [Internal Revenue Service] form

    2039 SUMMONSES dated March 17, 2010 for appearance or submission of documents on

    April 12, 2010, signed by Revenue Agent BARBARA VAN MONDFRANS, issued and sent

    to the aforesaid SUMMONED parties requesting certain records relating to the Petitioner,

    Roger B. Felt, in violation of 26 U.S.C. § 6103, et. seq.

2. The Third-Party SUMMONS is asking that each SUMMONED party appear before

    BARBARA VAN MONDFRANS to give testimony and to produce for examination certain

    books, records, papers and other data relating to the <u>tax liability</u> or the <u>the collection of the</u>

    <u>tax liability</u> for the purpose of inquiring into any offense connected with the administration or

7

enforcement of the internal revenue laws concerning Roger B. Felt for the periods of January 1, 2007 through December 31, 2007.

3. Revenue Agent BARBARA VAN MONDFRANZ fails to identify the tax she purports to discover Roger B. Felt, et al, is liable for. Neither the statute for the tax imposed by title 26, United States Code is identified, not the tax class that the alleged tax belongs to.

4. The SUMMONSES issued by Revenue Agent BARBARA VAN MONDFRANS were issued in bad faith as the stated purpose of examination is for inquiry, i.e., investigation into a breach of the criminal laws, as is embraced within the definition of word "offense", with respect to the financial activities of Petitioner, Roger B. Felt.

5. If SUMMONSES issued have a bona fide purpose for discovery, where Roger B. Felt and Lois G. Felt, et al, are currently in a civil lawsuit instituted by the IRS through the U.S. Department of Justice under Civil No. 1:09-CV-00148-DS, why is it not bad faith that discovery not be limited to the aforesaid litigation, rather than that instituted by Revenue Agent, BARBARA VAN MONDFRANS?

**VI.**
**Service of Process of the Subject Summonses Appears to be Improper**

First, the subject SUMMONSES were not issued or served by anyone with the proper authority required to make the service valid. Revenue Agent BARBARA VAN MONDFRANS issued, signed and served an alleged administrative Summons by mail to effect service.

Moreover, Respondent issued the Summonses pursuant to IRS Delegation Order 25-1 (formerly DO-4, Rev. 23) which is only for Summons issued under IRC § 7609(f) (dealing with

8

John Doe summons) and IRC § 7609(g) (dealing with petitions issued by a district court upon petition from the secretary). Therefore, Respondent BARBARA VAN MONDFRANS's alleged authority does <u>not</u> cover the present situation.

As previously stated the IRS is not an "**<u>agency" defined pursuant to 26 U.S.C. § 6103(b)(9) within the meaning of 5 U.S.C. § 551(1)</u>** of the federal government. It appears to be trained under the direction of the Division of Human Resources United Nations as pursuant to Treasury Delegation Order 92. Thus, because the IRS is not an agency of the federal government, it has no authority to pursue its course of action. Based on the foregoing, the Summons is not valid. Even if it were valid, service seems to have not been properly effected. Therefore, the Court should quash the alleged summons.

### VII.
### <u>Van Mondfrans Failed to Establish the "Basis of Liability" Prior</u>
### <u>To Issuance of the 2039 Summons As Required By Statute</u>

Congressional Mandate requires the Internal Revenue Service and its employees, prior to obtaining all private records, as construed to be "confidential" until such time the service identifies the (1) *taxing statute*, (2) the *liability statute* and (3) the *class of tax* administered for purposes of gaining such access pursuant to 26 U.S.C. § 7491:

> "Burden shifts where taxpayer produces credible evidence
> (1) General rule
>   If, in any court proceeding, a taxpayer introduces credible evidence with respect to any factual issue relevant to ascertaining the liability of the taxpayer for <u>any tax</u> imposed by subtitle A or B, the Secretary shall have the burden of proof with respect to such issue."

Where as here the IRS has nothing to present as evidence that FELT is liable

9

pursuant an identifiable tax imposed pursuant a statute in the Internal Revenue Code and implementing regulations thereto of a cognizable class to be administered by the IRS, *__all private records of FELT are necessarily confidential, until such time as the basis of liability under internal revenue laws of the United States is proven.__*

Matters of fact and/or law relating to tax obligations and Internal Revenue Service initiatives can only be maintained in accordance with law as set out in Title 26, United States Code and the regulations set out by the Secretary for enforcement. Upon review of 26 CFR, Part 601, Subpart D, and the aknowledgment of Fifth Amendment assurances at 26 CFR §601.106(f)(1), it appears that the Internal Revenue Service and Revenue Agent MONDFRANS has engaged fraud and oppression under color of law.

Where matters of fact are concerned, the state of Utah, embraced as one of the several States party to the Constitution for the united States of America, is not lawfully a federal State, as defined in the Internal Revenue Code at § 7701(a)(10) and § 3121(e)(1) nor does the term "United States" when used in a geographical sense in the Code normally imply any of the 50 states of the Union. See § 3121(e)(2). Utah state is not a state subject to the legislative authority of the United States. In fact, I deny being 1) resident in or domiciled in a territory where the United States has exclusive or concurrent jurisdiction; or 2)being resident in a judicial district where the United States District Court has jurisdiction; or 3) resident in an internal revenue district where returns are required to be filed. See <u>Yarborough v. United States,</u> 230 F.2d 56, 61 (4th Cir.), cert. denied, 351 U.S. 969, 76 S.Ct. 1034, 100 L.Ed. 1487 (1956).

Petitioner is not an officer, agent or employee of the United States (26 U.S.C. § 3401(c)), not an agency of the United States (26 U.S.C. §3401(d), as specified at 5 U.S.C. § 102 & 105); and has neitherI fiduciary nor transferee liability to the United States Government. Petitioner is also not a taxpayer (26 U.S.C. §1313(b) with a liability for any tax imposed by title 26 United States Code, with a requirement for a return, or with respect to the collection thereof, pursuant requirement under 26 U.S.C. § 6001, § 6011 or § 6012. Petitioner is in fact,  not a debtor, but rather a secured party creditor.

Further, Petitioner derives no benefit from federal citizenship under the Fourteenth Amendment as a citizen of the United States; nor is Petitioner a resident alien of the geographical United States; and Petitioner does not have United States-source "income" subject to privilege tax (26 CFR § 31.3101-1), as identified in the current Internal Revenue Code, § 1, or "gross income", as defined in § 22 of the Internal Revenue Code of 1939. Petitioner believes any compensation received for services or labor rendered to others under private contract, both past and present, is exempt from the so-called income tax as a matter of fundamental law (*Eisner v. Macomber*, 252 U.S. 189; 26 CFR § 31.3401(a)(6)-1(e); 26 CFR § 1.61-1(a)).

Petitioner's position of non-tax liability in statutory terms can be expressed with reference to IRS Notice 609, *Privacy Act and Paperwork Reduction Act Notice.*

In Notice 609 your agency clearly states that IRS authority to ask for information is found in Internal Revenue Code section 6001, 6011, and 6012. Notice 609 then states: "They say you must file a return or statement with us for **any tax** you are liable for." Emphasis added Review of these statutes in title 26 of the Internal Revenue Code is revealing:

11

§ 6001. Notice or regulations requiring records, statements, and special returns

Every person liable for **any tax** imposed by this title, or for the collection thereof, shall keep such records, render such statements, make such returns, and comply with such rules and regulations as the Secretary may from time to time prescribe. Whenever in the judgment of the Secretary it is necessary, he may require any person, by notice served upon such person or by regulations, to make such returns, render such statements, or keep such records, as the Secretary deems sufficient to show whether or not such person is liable for tax under this title. The only records which an employer shall be required to keep under this section in connection with charged tips shall be charge receipts, records necessary to comply with section 6053 (c), and copies of statements furnished by employees under section 6053 (a). Emphasis added

In pertinent part, section 6011 says the following:

### § 6011. General requirement of return, statement, or list

**(a) General rule**
When required by regulations prescribed by the Secretary any person made liable for **any tax** imposed by this title, or with respect to the collection thereof, shall make a return or statement according to the forms and regulations prescribed by the Secretary. Every person required to make a return or statement shall include therein the information required by such forms or regulations. Emphasis added

Section 6012 says with respect to individuals in pertinent part the following:

§ 6012. Persons required to make returns of income

**(a) General rule**
Returns with respect to income taxes under subtitle A shall be made by the following:
**(1)**
  **(A)** Every individual having for the taxable year gross income which equals or exceeds the exemption amount [plus the standard deduction]... .

Sections 6001 and 6011 are specific to a kind of tax. That kind of tax is the "**any tax**" as highlighted above in bold print and underlining. The kind of tax called "any tax" is defined by law and is an individual income tax imposed as if it were imposed by Chapter 1 of Subtitle A of the Code.

12

If any person liable for "any tax" defaults and does not pay the "any tax", Congress has

authored authority for the collection thereof and the Secretary has prescribed rules to enforce the

collection in Subtitle F, Subchapter C and D. The sections therein that I am referring to are 26

U.S.C. § 6321 (Lien for Taxes) and 26 U.S.C. § 6331(a) (Levy and Distraint), to wit:

§ 6321. Lien for taxes

If any person liable to pay **any tax** neglects or refuses to pay the same after demand, the
amount (including any interest, additional amount, addition to tax, or assessable penalty,
together with any costs that may accrue in addition thereto) shall be a lien in favor of the
United States upon all property and rights to property, whether real or personal,
belonging to such person. Emphasis added

§ 6331. Levy and distraint

**(a) Authority of Secretary**
If any person liable to pay **any tax** neglects or refuses to pay the same within 10 days
after notice and demand, it shall be lawful for the Secretary to collect such tax (and such
further sum as shall be sufficient to cover the expenses of the levy) by levy upon all
property and rights to property (except such property as is exempt under section 6334)
belonging to such person or on which there is a lien provided in this chapter for the
payment of such tax. Levy may be made upon the accrued salary or wages of any officer,
employee, or elected official, of the United States, the District of Columbia, or any
agency or instrumentality of the United States or the District of Columbia, by serving a
notice of levy on the employer (as defined in section 3401(d)) of such officer, employee,
or elected official. If the Secretary makes a finding that the collection of such tax is in
jeopardy, notice and demand for immediate payment of such tax may be made by the
Secretary and, upon failure or refusal to pay such tax, collection thereof by levy shall be
lawful without regard to the 10-day period provided in this section. Emphasis added

The authority for IRS issuance of a notice of deficiency under 26 U.S.C. § 6212 is

likewise limited to "any tax" imposed pursuant the Code:

§ 6212. Notice of deficiency

**(a) In general**
If the Secretary determines that there is a deficiency in respect of **any tax** imposed by subtitles A or B or chapter 41, 42, 43, or 44 he is authorized to send notice of such deficiency to the taxpayer by certified mail or registered mail. Such notice shall include a notice to the taxpayer of the taxpayer's right to contact a local office of the taxpayer advocate and the location and phone number of the appropriate office. Emphasis added

The authority to commence a civil action for the enforcement of lien or to subject

property to payment of the tax is also specific to the "any tax":

§ 7403. Action to enforce lien or to subject property to payment of tax

**(a) Filing**
In any case where there has been a refusal or neglect to pay **any tax**, or to discharge any liability in respect thereof, whether or not levy has been made, the Attorney General or his delegate, at the request of the Secretary, may direct a civil action to be filed in a district court of the United States to enforce the lien of the United States under this title with respect to such tax or liability or to subject any property, of whatever nature, of the delinquent, or in which he has any right, title, or interest, to the payment of such tax or liability. For purposes of the preceding sentence, any acceleration of payment under section 6166 (g) shall be treated as a neglect to pay tax. Emphasis added

Enforcement authority, discussed infra is found in 27 CFR Part 70 and examination of

any books, papers, records or other data which may be relevant or material to such inquiry; and

take such testimony of the person concerned, under oath, as may be relevant to such inquiry is

specific only to the **"any tax"** imposed by Title 26 of the Code. The ramifications becomes

apparent of why this authority is found in Title 27: Alcohol, Tobacco and Firearms, Part 70—

Procedure and Administration, Subpart C—Discovery of Liability and Enforcement of Laws for

Examination and Inspection.

The definition and clarification of the kind of tax imposed called **"any tax"** is found in

the Code of Federal Regulations (CFR). The CFR sections pertinent to the clarification are: 26

14

CFR 1.6001-1(a) (Records), 26 CFR 6001-2 (Returns), 26 CFR 301.6321-1 (Lien for Taxes) and

26 CFR 301.6331-1 (Levy and Distraint):

**Title 26: Internal Revenue**
**PART 1—INCOME TAXES**
**Records, Statements, and Special Returns**

§ 1.6001-1  Records.

(a) *In general.* Except as provided in paragraph (b) of this section, any person subject to tax under subtitle A of the Code (**including a qualified State individual income tax which is treated pursuant to section 6361(a) as if it were imposed by chapter 1 of subtitle A**), or any person required to file a return of information with respect to income, shall keep such permanent books of account or records, including inventories, as are sufficient to establish the amount of gross income, deductions, credits, or other matters required to be shown by such person in any return of such tax or information. Emphasis added

*§ 1.6001-2  Returns.*

For rules relating to returns required to be made by every individual, estate, or trust which is liable for one or more **qualified State individual income taxes, as defined in section 6362, for a taxable year, see paragraph (b) of §301.6361–1** of this chapter (Regulations on procedure and Administration). Emphasis added

[T.D. 7577, 43 FR 59357, Dec. 20, 1978]


**Title 26: Internal Revenue**
**PART 301—PROCEDURE AND ADMINISTRATION**
**Collection**
**General Provisions**

§ 301.6321-1  Lien for taxes.
If any person liable to pay **any tax** neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, tangible or intangible, belonging to such person. For purposes of section 6321 and this section, **the term "any tax" shall include a State individual income tax which is a "qualified**

15

**tax", as defined in paragraph (b) of §301.6361–4.** The lien attaches to all property and rights to property belonging to such person at any time during the period of the lien, including any property or rights to property acquired by such person after the lien arises. Solely for purposes of sections 6321 and 6331, any interest in restricted land held in trust by the United States for an individual noncompetent Indian (and not for a tribe) shall not be deemed to be property, or a right to property, belonging to such Indian. For the method of allocating amounts collected pursuant to a lien between the Federal Government and a State or States imposing a **qualified tax with respect to which the lien attached, see paragraph (f) of §301.6361–1.** For the special lien for estate and gift taxes, see section 6324 and §301.6324–1. Emphasis added

[T.D. 7577, 43 FR 59361, Dec. 20, 1978]


### Title 26: Internal Revenue
### PART 301—PROCEDURE AND ADMINISTRATION
### Seizure of Property for Collection of Taxes

*§ 301.6331-1  Levy and distraint.*
(a) *Authority to levy* —(1) *In general.* If any person liable to pay **any tax** neglects or refuses to pay the tax within 10 days after notice and demand, the district director to whom the assessment is charged (or, upon his request, any other district director) may proceed to collect the tax by levy. The district director may levy upon any property, or rights to property, whether real or personal, tangible or intangible, belonging to the taxpayer. The district director may also levy upon property with respect to which there is a lien provided by section 6321 or 6324 for the payment of the tax… . Emphasis added

[32 FR 15241, Nov. 3, 1967, as amended by T.D. 7139, 36 FR 15041, Aug. 12, 1971; T.D. 7620, 44 FR 27987, May 14, 1979; T.D. 7874, 48 FR 10061, Mar. 10, 1983; T.D. 8558, 59 FR 38903, Aug. 1, 1994]

Note that under a doctrine of statutory construction, when words or phrases are used in

statutes dealing with the same subject-matter, *in pari materia*, they must be construed together.

This applies to the term "**any tax**" as used in the Code, which means a State individual income

tax which is a "**qualified tax**", as defined in paragraph (b) of §301.6361–4, to wit:

16

*§ 301.6361-4   Definitions.*

For purposes of the regulations in this part under subchapter E of chapter 64 of the Internal Revenue Code of 1954, relating to collection and administration of State individual income taxes—

(a) *State agreement.* The term "State agreement" means an agreement between a State and the Federal Government which was entered into pursuant to section 6363 and the regulations thereunder, and which provides for the Federal collection and administration of the qualified tax or taxes of that State.

**(b) *Qualified tax.* The term "qualified tax" means a tax which is a "qualified State individual income tax", as defined in section 6362 (including subsection (f)(1) thereof, which requires that a State agreement be in effect) and the regulations thereunder.** Emphasis added

(c) *Chapters and subtitles.* References in regulations in this part under subchapter E to chapters and subtitles are to chapters and subtitles of the Internal Revenue Code of 1954, unless otherwise indicated.

(d) *Subchapter E.* The term "subchapter E" means subchapter E of chapter 64 of the Internal Revenue Code of 1954, relating to collection and administration of State individual income taxes, as amended from time to time.

[T.D. 7577, 43 FR 59365, Dec. 20, 1978]

What is even more important is that state qualified taxes are found in the Code at 26

U.S.C. §§ 6361-6365, which were epealed in 1990 under P.L. 101-508, Title XI § 11801(a)(45):

Title 26, IRC, Subchapter E.--Repealed
[Collection of State Individual  Income taxes]
    Sec.
    6361. Repealed [General rules].
    6362. Repealed [Qualified State individual income taxes]
    6363. Repealed [State agreements; other procedures]
    6364. Repealed [Regulations]
    6365. Repealed [Definitions and special rules]

In 1990, P.L. 101-508, Title XI § 11801(a)(45) repealed §§ 6361 to 6365 under Subtitle F. (Procedure and Administration), Chapter 64 (Collection), Subchapter E.

The obvious appears clear, with respect to individual income taxes, the laws have force and effect of law by the intent of Congress. In accordance of Internal Revenue Code, Title 26 U.S.C. §§ 6001,6011,6012, 6212, 6321, 6331 and 7403, and comparable provisions dealing with liability for **any tax** in accordance of Title 26, the requirements for filing returns as well as IRS collection authority is prescribed only for "any tax" which appears to be a colorable claim limited to collection of a "**qualified tax**" for a "**qualified State individual income tax**", pursuant §§ 6361-6365, which was repealed November 5, 1990, P. L. 101-508, § 11801(a)(45).

The term **"any tax"** is a special kind of tax[2] defined by law and is called a "**qualified tax**" for a "**qualified State individual income tax**", pursuant §§ 6361-6365 of the Code, which was repealed November 5, 1990, P. L. 101-508, § 11801(a)(45) with the exception of a savings provision applicable for  the collection of taxes by a State under agreement with the Secretary of the Treasury for the withholding of State income taxes from the compensation of members of the Armed Forces and members, federal executive agencies, the judicial branch and the United States Postal Service, i.e., federal employees.

The term **"any tax"** is defined in the Code of Federal Regulation (C.F.R.), for implementation of IRS collection authority pursuant lien for taxes under Code section 6321. The implementing regulation under 26 C.F.R. § 301.6321-1 for a lien for taxes is specific for the "any tax" kind of tax defined therein. It states: **"the term 'any tax' shall include a State individual income tax which is a "qualified tax", as defined in paragraph (b) of §301.6361–4."**

---

[2] There is no such thing as federal individual income tax defined by law as a 1040 kind of tax.

Also, note that there is only one kind of State individual income tax defined by law in 26

CFR 301.6362-7(c), the authority for which is repealed.

This position is further established at 26 U.S.C. § 7601(a) which states in pertinent part

(with emphasis):

> (a) General rule.
> *The Secretary shall*, to the extent he deems it practicable, cause *officers or employees of the Treasury Department to . . . inquire after and concerning all persons therein who may be liable to pay any internal revenue tax . . .*with respect to which *any tax* is imposed" and;

and 7602(a)(2) which states:

> (a)(2) of 7602 "*To summons the person liable for tax* or required to perform the act . . .or any person having possession, custody or care of the books of account containing entries *relating to the business of the person liable for tax*" and

The implementing regulations to section 7602 define "tax liability":

> 26 CFR § 301.7602-2(c)(3)(C) Tax liability. A *tax liability means the liability for any tax imposed* by Title 26 of the United States Code (including any interest, additional amount, addition to the tax, or penalty) and does not include the liability for any tax imposed by any other jurisdiction nor any liability imposed by other Federal statutes.

The Courts have ruled regarding the issue of tax liability as stated in the 2nd Circuit in

*Botta v. Scanlon* 288 F.2d 504, 506 (1961):

> "*Moreover, even the collection of taxes should be extracted only from persons upon whom a tax liability is imposed by some statute*". (Emphasis added)

In *Highley v. Commissioner*, 69 F2d 160 the Court stated:

> "*Liability for taxation must clearly appear from statute imposing tax*".

The courts stated even further:

> *"Without question, a taxing statute must describe with some certainty the transaction, service, or object to be taxed, and in the typical situation it is construed against the Government."* United States v. Community TV, Inc., 327 F.2d 797 (10th Cir. 1964) Hassett v. Welch, 303 U.S. 303, 58 S.Ct. 559, 82 L.Ed. 858 (1938).

Title 26 U.S.C. § 4401 (c) *specifically* and *clearly* provides that "Each person who is **engaged in the business of accepting wagers *shall be liable*** for and ***shall pay*** the tax under this subchapter." (Emphasis added). Similarly, in connection with federal tobacco taxes, 26 U.S.C. § 5703(a) and (b) provide that, "**The manufacturer or importer of tobacco products and cigarette papers and tubes *shall be liable*** for the taxes imposed thereon by Section 5701 … and … Such taxes … ***shall be paid*** on the basis of a return (Emphasis added).

Petitioner also references 26 U.S.C. § 5005(a) which states: "The **distiller or importer of distilled spirits *shall be liable*** for the taxes imposed thereon by subsection 5001(a)(1)."

Petitioner has also established above another tax imposed in title 26 which is known as and defined as **any tax**, the authority for which Congress has repealed except with respect to the application of a savings clause in the repealing act made applicable for the collection of taxes by a State under agreement with the Secretary of the Treasury for the withholding of State income taxes from the compensation of members of the Armed Forces and members, federal executive agencies, the judicial branch and the United States Postal Service, i.e., federal employees.

The Supreme Court has admonished:

"Whatever the form in which the government functions, anyone entering into an arrangement with the government takes a risk of having accurately ascertained that he who purports to act for the government stays within the bounds of his authority, even though the agent himself may be unaware of the limitations upon his authority." *Federal Crop Insurance Co. v. Merrill*, 332 U.S. 380.

Respondent BARBARA VAN MOMNDFRANS has failed to follow the administrative procedural requirement prior to issuing the third–party 2039 Summons as no Affidavit or Declaration exists to disclose any of the elements required by Congress in 26 U.S.C. § 7491 and 7602(a)(2) which includes establishing the: (1) taxing statute, (2) liability statute, (3) class of tax, and (4) the person required to perform the act for purposes of gaining access to such books and records.

Accordingly, the Respondent MONDFRANS is not entitled to examine the private books and records of the Petitioner until such time these elements have been met for it is not known to the Petitioner what tax *liability* is presumed to be imposed. For these and other reasons, the release of such information would be in direct violation of 26 U.S.C. § 6103 and must be denied and the third-party Summons must be quashed.

The Respondent has proceeded in *bad faith* seeking to circumvent due process and misled the parties issued, in direct violation of legislative and procedural regulations. Effectively, the Respondents are in violation of all elements regarding the issuance of the third party summons as cited in Powell infra:

> "The decision to grant a petition to quash is guided by the analytical framework posited by the Supreme Court in *United States v. Powell,* 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964). Under *Powell,* the government bears the initial burden of establishing a *prima facie* case of "good faith" by showing that the Summons: (1) were issued for a legitimate purpose; (2) seek material relevant to that purpose; (3) seek material that is not already in the government's possession; and (4) satisfy all administrative steps required by the United States Code."

21

The Petitioner is with information and belief that the Respondent, Revenue Agent BARBARA VAN MONDFRANS failed to establish a "*prima facie*" showing of good faith with issuance of the third party Summons. The administrative Summons **does not include a declaration or affidavit that would established a "prima facie" case of good faith** to indicate that such Summons is issued for legitimate purposes. Revenue Agent BARBARA VAN MONDFRANS failed to establish good faith regarding the issuance of the Summons that would dispel any presumption that the Summons has been issued for improper purposes. In *Farber v. United States*, 69 F. Supp.2d 965 the Court stated:

> "**The requisite showing is generally made by submission of an affidavit from the agent who issued the Summons.**" *Kondik*, 81 F.3d at 656; *United States v. Will*, 671 F.2d 963, 966 (6th Cir. 1982).

Revenue Agent BARBARA VAN MONDFRANS has not shown good faith in the issuance of the Summons failing to support the issuance by affidavit or a declaration. Such nonfeasance of office gives rise to establishing additional bad faith on the part of Revenue Agent BARBARA VAN MONDFRANS

Absent such demonstration(s), the subject administrative Summons must be quashed.

## VIII.
### The Records Sought are Not Relevant to a Tax Inquiry

The Petitioner, John James Doe incorporates the forgoing sections I through VII above.

Upon review of the Summons issued by Revenue Agent BARBARA VAN MONDFRANS, records sought are not relevant to a tax liability, see *Garpeg, LTD. V. United States* (1984). The summoned entity does not and has not engaged in any transactions that would

be deemed to produce income or generate revenue to create a federal tax liability for <u>any tax</u> imposed by title 26, United States Code. The Petitioner is not an employee of any of the entity herein summoned nor has the Petitioner realized any profit or gain – subject to or reportable as taxable income, *aka*, gross income minus deductions.

Revenue Agent BARBARA VAN MONDFRANS is proceeding in violation of 26 U.S.C. § 6103. Confidentiality and disclosure of returns and return information:

> "(a) **General rule.** Returns and *return information shall be confidential*, and except as authorized by this title—
> (1) *no officer or employee of the United States*, and (3) *no other person . . . shall disclose any return or return information obtained by him in any manner in connection with his service as such an officer or an employee or otherwise or under the provisions of this section.*

Because Revenue Agent BARBARA VAN MONDFRANS is proceeding in violation of multiple Acts of Congress, the Internal Revenue Code and Treasury Regulations, the courts have stated:

> "Public officers are merely the agents of the public whose power and authority are defined and limited by law. **Any act without the scope of the authority so defined does not bind the principle and all persons dealing with such agents are charged with the knowledge of the extent of their authority**." <u>Continental Casualty Co. v. United States</u>, 113 F.2d 284 (5th Cir. 1940)

The Respondent's failure to provide any evidence to the third parties or the Petitioner that she is authorized to proceed in this manner, by (1) **Not identifying the liability statute**, (2) **Not identifying the taxing statute, (3) Not providing an affidavit of good faith**, and (4) **summonsing documents** that, at best may be **subject to the provision of 26 U.S.C. § 6111** – concludes the Respondent is not seeking information relevant to tax inquiry.  Revenue Agent

BARBARA VAN MONDFRANS's intent is not honorable and she is proceeding on a fishing expedition in direct violation of statute and law.

Accordingly, this Court must grant this verified petition to quash as a matter of law and equity.

### IX.
### No Evidence That BARBARA VAN MONDFRANS is Designated as The Individual Before Whom A Person Summoned Shall Appear

26 CFR § 301.7603-1(b) --- implementing section 7603 and 7609 --- states that Summons may be served by persons designated in § 301.7602-1(b) and (c)[3].

Regulation § 301.7602-1(b), 26 CFR 301.7602-1(b) identifies *the Commissioner* as the designate for purpose of summons, and grants the Commissioner authority to designate any employee of the Internal Revenue Service as an individual before whom a person summoned shall appear. However, 26 CFR 301.7602-1(b) *fails to designate any such employee,* and there is no evidence at this time that BARBARA VAN MONDFRANS received such a designation.

The Commissioner's means of designating an employee for such purpose is by a Delegation Order; IRS Delegation Order 25-1 (formerly DO-4, Rev. 23), entitled, "Summons, Oaths, Certifications, and Related Functions," states that the Commissioner's summons authority may only be re-delegated by:

- the Assistant Commissioner (Inspection),
- regional commissioners,
- assistant regional commissioners (alcohol, tobacco and firearms),

---

[3] 26 CFR 301.7602(c) regards justice department referrals, and is not relevant to this motion, since a justice department referral precludes use of IRC § 7609 Third Party Summonses.

- district directors, and

- the Director of International Operations,

to officers and employees under their jurisdiction. § 301.7603(b).

An inspection of BARBARA VAN MONDFRANS's "Form 2039," administrative Summonses, shows delivery requirements under § 301.7603(b) requiring a solemn declaration that it is an "attested copy" have not been met.

## DISCUSSION

It has been properly stated that administrative authorities are creatures of statute and have only such powers as the statute confers on them, and that powers must be exercised in accordance with the statute bestowing such powers, *United States ex rel. Kansas City Southern R. Co. v. Interstate Commerce Commission*, 252 U.S. 178, 64 L ed 717, 40 S Ct 187. Respondent BARBARA VAN MONDFRANS has failed to act in compliance with procedural requirements. *See also, Fuentes v. Shevin*, 407 US 67, 92 S.Ct. 1983, 32 L.Ed. 2d 556 at Page 569, wherein the Supreme Court stated:

> "For more than a century the central meaning of *procedural due process* has been clear: "Parties whose rights are to be affected are entitled to be heard; and in order that they may enjoy that right *they must first be notified*." *Baldwin v. Hale*, 68 US 223, 233, 17 L.Ed. 531, 534. See *Windsor v. McVeigh*, 93 US 274, 23 L.Ed. 914; *Hovey v. Elliott*, 167 US 409, 42 L.Ed 215, 17 S.Ct. 841; *Grannis v. Ordean*, 234 US 385, 58 L.Ed. 1363, 34 S.Ct. 779.

*See also, Armstrong v. Manzo*, 380 US 545, 552, 14 L.Ed. 2d 62, 66, 85 S.Ct. 1187:

> "It is equally fundamental that the right to notice and an opportunity to be heard "must be granted at a meaningful time and in a meaningful manner."

*See also, Stanley v. Illinois*, 405 US 645, 647, 31 L.Ed. 2d 551, 556, 92 S.Ct. 1208:
> "This Court has not…embraced the general proposition that a wrong may be done if it can be undone."

*See also, Mahler v. Eby*, 264 US 32, 44 S Ct 283:

> "It is essential that where an executive is exercising delegated legislative power he should substantially comply with all the statutory requirements in its exercise."

## IRS HAS A DUTY TO FOLLOW THE LAW

An agency may not assert the general power granted by Congress while simultaneously disregarding the conditions imposed upon such assertion. *Adams Fruit Co. v Barrett*, 494 US 638, 108 L Ed 2d 585, 110 S Ct 1384, 14 BNA OSHC 1481, 114 CCH LC P 35322; and,

> "With the IRS's broad power must come a concomitant responsibility to exercise it within the confines of the law. The Court has emphasized that no official is above the law, and that broad powers present broad opportunities for abuse." *Butz v. Economou*, 438 U.S. 478, 505-06 (1978), 98 S.Ct. at 2910-11. *Cf. Mark v. Groff*, 521 F.2d at 1380 N.4.

Compliance with the applicable provisions of the Internal Revenue Code is a matter of DUE PROCESS OF LAW. The United States' Supreme Court has also stated that:

> "It is a wholesome and necessary principle that *an administrative agency must pursue the procedure and rules enjoined upon it* in the performance of its function and show a substantial compliance therewith to give validity to its action." *Wichita R. & Light Co. v. Public Utilities Commission*, 260 US 48, 43 S.Ct. 51.

Revenue Agent BARBARA VAN MONDFRANS should be required to demonstrate compliance with *all* applicable provisions of law and the regulations thereto, including but not limited to the IRC sections identified above, and 26 CFR §§ 301.7602 and 301.7603, pertaining to designation of the authority conferred upon the Commissioner. Absent such demonstrations, the subject administrative Summons should be quashed.

Further, Respondent BARBARA VAN MONDFRANS should be required to produce the re-delegation signed by the Commissioner (or by the Assistant Commissioner (Inspection), a

regional commissioner, an assistant regional commissioner (alcohol, tobacco and firearms), a district director, or by the Director of International Operations), authorizing her to issue said Summonses.

Absent such demonstration(s), the subject administrative Summonses should be quashed.

Moreover, Revenue Agent BARBARA VAN MONDFRANS should be required to demonstrate what authority exempts her from the solemn declaration by memorandum that the delivered instrument is an *attested copy* under requirements of 26 CFR § 301.7603(1)(a).

Absent such demonstration(s), the subject administrative summons should be quashed.

**X.**
**BARBARA VAN MONDFRAN'S Issuance Of The Summons Is In Violation Of The**
**Jurisdictional Limitations As Prescribed By Acts Of Congress**

Respondent BARBARA VAN MONDFRANS has misapplied IRS summons authority in this instant case.

Under the provisions of the Internal Revenue Service Practice and Procedure ¶13.11[1][d];

> "...two standards have been developed under which a greater number or lesser number of officers and employees are included as representatives of the client whose communications are privileged. The standards are the "control group" and the "subject matter" tests. Under the more restrictive control group test, only communications made by the officers or employees who are in decision-making or control capacity are covered by the privilege..." (See *City of Philadelphia v. Westinghouse Elec. Corp,* 210 F. Supp 483,485 (E.D. Pa) mandamus and prohibition denied.

The Respondent BARBARA VAN MONDFRANS has issued the Summons pursuant to a misapplication of the Internal Revenue Code and Code of Federal Regulations. According to

Acts of Congress, the following statutory enactments are *in pari materia* with issuance of the

Form 2039 Summons;

### ***Authority to Summons:***

26 U.S.C. Section 7602(a) discusses the authority to summons. It states that:

(a) Authority to summon, etc.
For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability, the Secretary is authorized -
(1) To examine any books, papers, records, or other data which may be relevant or material to such inquiry;
(2) ***To summon the Person liable for tax or required to perform the act***, or any officer or employee of such person, or any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or required to perform the act, or any other person the Secretary may deem proper, to appear before the Secretary at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry; and
(3) To take such testimony of the person concerned, under oath, as may be relevant or material to such inquiry.

Furthermore, the sections of the Internal Revenue Code that mention the term "liability"

that Respondent MONDFRANS may be familiar with;

26 U.S.C. Section 1441: **Withholding of tax on nonresident aliens**

26 U.S.C. Section 1442: **Withholding of tax on foreign corporations**

26U.S.C. Section 1443: **Foreign Tax Exempt Organizations**

There are <u>no</u> implementing regulations under Title 26 that authorize the IRS to summons

anyone. **(Lack of Implementing Regulations limits the jurisdictional scope of the statute.)**

The Federal Register Act at 44 U.S.C. § 1501 et seq.  Specifically, 44 U.S.C. § 1505(a) specifies that, *"in order to have general applicability and legal effect, documents or classes of documents must be so published."*  Further, *"*<u>every document or order which prescribes a penalty has general applicability and legal effect</u>*" and, therefore must be so published.  Of particular note, at 44 U.S.C. § 1505(a), it states in part that:* When regulations are NOT PUBLISHED in the Federal Register, application of any given statute is Exclusively applicable to "Federal agencies or persons in their capacity as officers, agents, or employees thereof."

The necessity for regulations published in the Federal Register is further detailed in 1 CFR, Chapter 1, and where the Internal Revenue Service is concerned at 26 CFR § 601.702.

Each agency shall publish its own regulations in full text, see 1 CFR § 21.21 (c) and no agency shall use the regulations promulgated by another agency. (1 CFR § 21.40) That principle is replicated in the regulations for Title 26 U.S.C. The regulations relating to the taxes administered by the Service are contained in Title 26 of the Code of Federal Regulations.  The regulations administered by the Bureau of Alcohol, Tobacco, Firearms and Explosives are contained in Title 27 of the Code of Federal Regulations. 26 CFR § 601.601(b).

> *The applicability of regulations has also repeatedly been recognized by the Supreme Court of the United States, as for example:*  <u>**California Bankers Ass'n v. Schultz**</u>*, 416 U.S. 21, 26, 94 S.Ct. 1494, 1500, 39 L.Ed.2d 812 (1974), which states: Because it has a bearing on our treatment of some of the issues raised by the parties, we think it important to note that* the Act's civil and criminal penalties attach only upon violation of regulations promulgated by the Secretary, if the Secretary were to do nothing, the Act itself would impose no penalties on anyone... *The government argues that, since only those who violate regulations may incur civil and criminal penalties, it is the regulations issued by the Secretary of the treasury and not the broad, authorizing language of the statue [or code], which is to be tested . . ." (Emphasis added.)*

All implementing regulations for 26 U.S.C. Section 7602 are *in pari materia* with those provisions of title 27 Code of Federal Regulation, Alcohol, Tobacco Products and Firearm, which are for enforcement through the Bureau of Alcohol, Tobacco, Firearms and Explosives (abbreviated ATF). Below is a list of the related parallel authorities for section 7602, i.e. the CFR parts for which 26 USC 7602 provides authority, <u>ALL</u> of which are related to Alcohol, Tobacco, Firearms and Explosives. <u>NONE</u> apply in any way with the individual income tax applicable to Title 26 U.S.C. Subtitle A: <u>27 CFR part 70</u>, <u>27 CFR part 170</u>, <u>27 CFR part 296</u>

### *Enforcement of Summons:*

26 U.S.C. Section 7604(b) states that there are only FOUR reasons why a person can be compelled to appear at a summons:

*(b) Enforcement*
Whenever any person summoned under section 6420(e)(2), 6421(g)(2), 6427(j)(2), or 7602 neglects or refuses to obey such summons, or to produce books, papers, records, or data, or to give testimony, as required, the Secretary may apply to the judge of the district court or to a United States commissioner for the district within which the person so summoned resides or is found for an attachment against him as for a contempt. It shall be the duty of the judge or commissioner to hear the application, and, if satisfactory proof is made, to issue an attachment, directed to some proper officer, for the arrest of such person, and upon his being brought before him to proceed to a hearing of the case; and upon such hearing the judge or the United States commissioner shall have power to make such as he shall deem proper, not inconsistent with the law for the punishment of contempt, to enforce obedience to the requirements of the summons and to punish such person for his default or disobedience.

The initial three reasons for the summons are with regard to information regarding the following:

**Section 6420. *Gasoline used on farms***

**Section 6421. *Gasoline used for certain nonhighway purposes, used by local transit systems or sold for certain exempt purposes***

**Section 6427. *Fuels not used for taxable purposes***

**United States v. Powell, 379 U.S. 48** *(1964)*

". . . [379 U.S. 48, 53] If a taxpayer has filed fraudulent returns, a tax liability exists without regard to any period of limitations. Section 7602 authorizes the Commissioner to investigate any such liability. [Footnote 12] If, in order to determine the existence or nonexistence of fraud in the taxpayer's returns, information in the taxpayer's records is needed which is not already in the Commissioner's possession, we think the examination is not "unnecessary" within the meaning of § 7605(b). Although a more stringent interpretation is possible, one which would require some showing of cause for suspecting fraud, we reject such an interpretation [ 379 U. S. 48, 54] because it might seriously hamper the Commissioner in carrying out investigations he thinks warranted, forcing him to litigate and prosecute appeals on the very subject which he desires to investigate, and because the legislative history of § 7605(b) indicates that no severe restriction was intended.

. . . [ 379 U. S. 48, 54] *We are asked to read 7605 (b) together with the limitations sections in such a way as to impose a probable cause standard upon the Commissioner from the expiration date of the ordinary limitations period forward. Without some solid indication in the legislative history that such a gloss was intended, we find it unacceptable.*

. . . [ 379 U. S. 48, 56] Our reading of the statute is said to render the first clause of 7605 (b) surplusage to a large extent, for, as interpreted, the clause adds little beyond the relevance and materiality requirements of 7602. *That clause does appear to require that the information sought is not already within the Commissioner's possession*, but we think its primary purpose was no more than to emphasize the responsibility of agents to exercise prudent judgment in wielding the extensive powers granted to them by the Internal Revenue Code.

[379 U.S. 48, 57]
This view of the statute is reinforced by the general rejection of probable cause requirements in like circumstances involving other agencies.

In *United States v. Morton Salt Co.,* 338 U.S. 632, 642-643, the Court said of the

Federal Trade Commission:

"It has a power of inquisition, if one chooses to call it that, which is not derived from the judicial function. It is more analogous to the Grand Jury, which does not depend on a case or controversy for power to get evidence but can investigate

31

merely on suspicion that the law is being violated, or even just because it wants assurance that it is not." While the power of the Commissioner of Internal Revenue derives from a different body of statutes, we do not think the analogies to other agency situations are without force when the scope of the Commissioner's power is called in question."

"Reading the statutes as we do, *the Commissioner need not meet any standard of probable cause to obtain enforcement of his summons, either before or after the three-year statute of limitations on ordinary tax liabilities has expired. He must show that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the [379 US. 48, 58] information sought is not already within the Commissioner's possession, and that the administrative steps required by the Code have been followed - in particular, that the "Secretary or his delegate," after investigation, has determined the further examination to be necessary and has notified the taxpayer in writing to that effect.* This does not make meaningless the adversary hearing to which the taxpayer is entitled before enforcement is ordered. At the hearing he "may challenge the summons on any appropriate ground," *Reisman v. Caplin*, 375 U.S. 440, at 449.

"Nor does our reading of the statutes mean that under no circumstances may the court inquire into the underlying reasons for the examination. *It is the court's process which is invoked to enforce the administrative summons and a court may not permit its process to be abused. Such an abuse would take place if the summons had been issued for an improper purpose, such as to harass the taxpayer or to put pressure on him to settle a collateral dispute, or for any other purpose reflecting on the good faith of the particular investigation.* The burden of showing an abuse of the court's process is on the taxpayer, and it is not met by a mere showing, as was made in this case, that the statute of limitations for ordinary deficiencies has run or that the records in question have already been once examined. *United States v. Powell*, 379 U.S. 48, 59 "

## MISAPPLICATION OF SUMMONS UNDER
TITLE 26 UNITED STATES CODE

<u>Summons</u>

....authority to issue. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7602
....enforcement of . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7402, 7604

....failure to obey.................................................................7210
....service of............................................7210, 7603, 7604, 7608
....third-party record keepers....................................................7609

The CFR parts for which above Sections are provided authority are implemented through

27 CFR Part 70 ATF.

TITLE 27--ALCOHOL, TOBACCO PRODUCTS AND FIREARMS

**CHAPTER I --ALCOHOL AND TOBACCO** TAX AND TRADE BUREAU, DEPARTMENT OF THE TREASURY
PART 70—PROCEDURE AND ADMINISTRATION—Table of contents

Subpart C—Discovery of Liability and Enforcement of Laws
Sec. 70.22 Examination of books and witnesses.
(a) In general. For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any tax imposed under provisions of 26 U.S.C. enforced and administered by the Bureau (including any interest, additional amount, addition to the tax, or civil penalty) or the liability at law or in equity of any transferee or fiduciary of any person in respect of any such tax, or collecting any such liability, any appropriate "**ATF officer"** may examine any books, papers, records or other data which may be relevant or material to such inquiry; and take such testimony of the person concerned, under oath, as may be relevant to such inquiry.

(b) Summonses. For the purposes described in paragraph (a) of this section the "**appropriate ATF officers**" are authorized to summon the person liable for tax or required to perform the act, or any officer or employee of such person, or any person having possession, custody, or care of books of accounts containing entries relating to the business of the person liable for tax or required to perform the act, or any person deemed proper, to appear before a designated officer or employee of the Bureau at a time and place named in:

TITLE 27 --ALCOHOL, TOBACCO PRODUCTS AND FIREARMS

CHAPTER 1-- ALCOHOL AND TOBACCO TAX AND TRADE BUREAU, DEPARTMENT OF THE TREASURY

PART 70--PROCEDURE AND ADMINISTRATION-- Table of Contents

Subpart C--.Discovery of Liability and Enforcement of Laws

Sec. 70.33 Authority of enforcement officers of the Bureau.

Appropriate **"ATF officers"** may perform the following functions:

(a) Carry firearms;
(b) Execute and serve search warrants and arrest warrants, and serve subpoenas and
summonses issued under authority of the United States;
(c) In respect to the performance of such duty, make arrests without warrant for any
offense against the United States committed in his presence, or for any felony cognizable
under the laws of the United States if he has reasonable grounds to believe that the person
to be arrested has committed, or is committing, such felony; and
(d) In respect to the performance of such duty, make seizures of property

According to the above statutory language the ONLY one who is authorized has to be an

ATF officer. Also the above statutes rest in complete harmony with the official Code of Federal

Regulations Index that clearly shows the implementing regulations for Title 26. The

implementing regulation for *Title* 26 U.S.C. § 7608 and 7602 is *Title* 27 Part 70, which is a

regulation promulgated and administered by the Bureau of Alcohol, Tobacco, and Firearms and

deals exclusively with excise taxes on excise taxable events, not income taxes (meaning, this

agency collects stamp taxes, which is the species of tax applicable to tobacco, cotton and

distilled spirits. According to 1 CFR § 21.21 each agency shall publish its own regulations and

may not cross-reference to another agency unless it meets the exceptions as published in the

Federal Register. The Internal Revenue Service has promulgated no implementing regulations

for sections 7608 and 7602 ***therefore no statutory authority exists to make an assessment.***

   *"A court's authority to exercise its subject matter jurisdiction over a case may be
   restricted by failure to comply with statutory requirements that are mandatory in
   nature and, thus, are prerequisite to court's lawful exercise of that jurisdiction."*

_Moore v. Com._, 527 S.E.2d 406, 259 Va. 431 (2000)

Pursuant to IRC 7608 and 26 U.S.C. § 7608 - Authority of internal revenue enforcement officers, the statutory language clearly identifies (a) Enforcement of subtitle E and other revenue laws pertaining to liquor, tobacco, firearms and explosives. This is pertinent when we consider implementing enforcement regulations for 26 U.S.C. § 7608 are found at 27 CFR Part 70, Alcohol, Tobacco, Firearms and Explosives procedures and administrations (excise taxes) and part 296 – Miscellaneous regulations relating to tobacco products and cigarette papers and tubes.

> "*Simply stated, neither the Secretary nor the Service is in compliance with its own internal procedures which requires promulgation of regulations . . . This is violation of administrative law and voids the agency action.*" Lojeskio v. Boandl, 626 F Supp.530, 533 (D.C., E.D. Pa. 1985), affirmed in part and reversed in part at 788 F. 2d 195, 198 (3d. Cir. 1986).

The Petitioner believes this Court's plenary jurisdiction only relates matters of a U.S. territorial nature brought properly before the Court, and challenges the jurisdictional prerequisites for which Respondent MONDFRANS has sought to issue third-party Summonses, which appear to only be enforceable within territory in which the United States has territorial jurisdiction. The plenary jurisdiction of a United States District Court is ipso facto, territorial authority of the United States as cited in Balzac v. Porto Rico, 258 U.S. 298 (1922):

> "*<u>The United States District Court is not a true United States court established under Article III of the Constitution to administer the judicial power of the United States therein conveyed</u>. It is created by virtue of the sovereign congressional faculty, granted under Article IV, § 3, of that instrument, <u>of making all needful rules and regulations respecting the territory belonging to the United States</u>. The resemblance of its jurisdiction to that of true United States courts in offering an opportunity to nonresidents of resorting to a tribunal not subject to local influence, does not change its character as a mere territorial court.*" Id. at 312

*"Once challenged, jurisdiction cannot be 'assumed', it must be proved to exist."*
Stuck v. Medical Examiners, 94 Ca2d 751.211 P2s 389]

*"... Federal jurisdiction cannot be assumed, but must be clearly shown."* Brooks
v. Yawkey, 200 F. 2d 633.

Implementing or enforcement regulations for 26 U.S.C. § 7604 appears to include 27
CFR Part 70, Alcohol, Tobacco, Firearms and Explosives (excise taxes). The 2039 Summons
also appears to be *in pari materia* with the Bank Holiday Act of 1933 under Presidential
Proclamation 2039 so codified at 12 U.S.C.A § 95(b) and 50 U.S.C. § 1631 *et. seq.*, also known
as the "Trading With The Enemy Act." Petitioner has never knowingly and willfully
participated in any such acts that could be construed as participating in such excise taxable or
prohibited activities.

*"The construction of a statute by those charged with its execution should be
followed unless there are compelling indications that it is wrong, especially when
Congress has refused to alter the administrative construction, and such deference
is particularly appropriate where an agency's interpretation involves issues of
considerable public controversy and Congress has not acted to correct any
misperception of its statutory objectives."* CBS, INC. v FCC, 453 US 367, p. 367,
69 L Ed 2d 706, p. 709 190155/564515 (emphasis added)

Respondent BARBARA VAN MONDFRANS proceeds pursuant to 26 U.S.C. § 7605 as
though she has authority to set a time and place of examination. Implementing or enforcement
regulations for 26 U.S.C. § 7605 pertain to 27 CFR Part 70, Alcohol, Tobacco, Firearms and
Explosives (excise taxes). The Respondents are under the presumption that a tax liability exists
with regards to the Petitioner's activities, yet has not produced any evidence to support this
rebuttable presumption under Title 26 or 27. Under Internal Revenue Regulations, 301.7603-1
Service of Summons (b), Persons whom the Commissioner has delegated to carry out the

authority pursuant to 26 CFR § 301.7602-1 (b) to issue Summons are authorized to serve a Summons issued under section 26 U.S.C. §§ 6420(e)(2), 6421(g)(2), 64270(2) or 7601.

The authority to serve a Summons may be re-delegated only by the Assistant Commissioner (Inspections), regional commissioners, assistant regional commissioners (Alcohol, Tobacco, Firearms and Explosives), district directors, and the Director of the International Operations to officers and employees under their jurisdiction. Petitioner is not involved in any excise tax activity.

> "*It is a well established principal of law that the federal legislation applies only with the territorial jurisdiction of the United States unless a contrary intent appears.*" *Foley Brothers v. Filardo*, 336, U.S. 281 (1948), and;

The challenges made here under these enforcement statutes are identical in nature to claims made against the Food and Drug Administration (FDA) tobacco enforcement authority in *Brown & Williamson v. FDA*, 153 F.3d 155, 160-167 (CA4 1998), affirmed 529 U.S. 120 (2000). This case intimates a federal agency's authority challenged as having come solely from regulation and as having no statutory basis or foundation. The 4th Circuit in *Brown & Williamson* cited the following,   - "As demonstrated by the examples provided above, the FDA's need to maneuver around the obstacles created by the operative provisions of *the Act reflects congressional intent not to include tobacco products within the scope of the FDA's authority*. The FDA argues that even if it has misapplied the Act, this error does not bear on the jurisdictional issue. *However, the point is not merely that the FDA misapplied the Act, but these examples demonstrate the FDA's need to ignore and misapply the operative provisions of the Act before it can attain its end, not the end contemplated by Congress*. Cf. *United States*

*v. Two Plastic Drums*, 984 F.2d 814, 819 (7th Cir. 1993) (rejecting another recent attempt by the FDA to enlarge its jurisdiction and stating that "the only justification for this Alice-in-Wonderland approach is to allow the FDA to make an end-run around the statutory scheme").

The fact is that Congress did not equip the FDA with tools appropriate for the regulation of tobacco because it had no intention that the Act apply to tobacco products:

> "*We do not dispute in this case that Congress has charged the FDA with protecting the public health* and that tobacco products present serious health risks for the public. *However*, the Supreme Court has warned that "*[i]n our anxiety to effectuate the congressional purpose of protecting the public, we must take care not to extend the scope of the statute beyond the point where Congress indicated it would stop.*" 62 Cases of *Jam v. United States*, 340 U.S. 593, 600 (1951). *Based on our examination* of the regulatory scheme created by Congress, *we are of opinion that the FDA is attempting to stretch the Act beyond the scope intended by Congress.*"

It is not uncommon for governmental instrumentalities to attempt to reach beyond the bounds of their statutory authority. Like the Food and Drug Administration's attempt to extend beyond its intended scope, it appears to be common practice of employees of the Internal Revenue Service to do the same.

The Internal Revenue Service at 26 CFR Part 1 provides a table explaining the derivation of the line Implementing Regulations. This table indicates that the authority of 2039 Summons under Title 26 § 7601(c)(1) is drawn from the enforcement powers of the Bureau of Alcohol, Tobacco, Firearms and Explosives, wherein the implementing regulations for 7601-7602 are found in 27 Part 70, and 26 USC § 7602 explicitly are drawn from 27 CFR § 170, 296.

> "The construction of a statute by those charged with its execution should be followed unless there are compelling indications that it is wrong, especially when Congress has refused to alter the administrative construction, and such deference is

particularly appropriate where an agency's interpretation involves issues of considerable public controversy and Congress has not acted to correct any misperception of its statutory objectives." CBS, INC. v FCC, 453 US 367, p. 367, 69 L Ed 2d 706, p. 709 190155/564515 (emphasis added)

Said table elaborates that the power to Summons is derived from the enforcement of summons to obtain information related to 26 U.S.C. §§ 6420(e)(2), 6421(g)(2), and 6427(2). Enforcement authority for these code sections is derived from the "**Imposition of tax**" **on gasoline for non-highway, aviation, and diesel fuel.**

The Petitioner is not and has not been involved in the taxable activities defined in 26 U.S.C. §§ 6420(e)(2), 6421(g)(2), 6427(j)(2) or 4091, 4081, 4041, or 4101. Said Summons does not fall within the narrow scope of authority intended by Congress and constitutes an invalid enforcement application regarding the Petitioner in his actual true status.

Petitioner has never trafficked in the taxable items in any of these applications or performed any function of a public office. Thus the Petitioner asserts that the very power to utilize **26 U.S.C. § 7601(4)**, does not appear to be under the authority of the Internal Revenue Service within Title 26 of the United States Code, but, in fact, **is part of the separate agency enforcement powers of the Alcohol, Tobacco, Firearms and Explosives Division**. The Respondent is attempting to enforce a summons based upon this misapplication of the Code, routinely protected by the Courts. Nonetheless, the Petitioner is with information and belief that no jurisdictional authority exists that would begin to allow the Revenue Agent BARBARA VAN MONDFRANS to lawfully gain access to the confidential books and records in question under the statutes and implementing regulations relied upon for such purpose. Under 26 U.S.C. § 7601,

the Secretary of the Treasury shall just determine "all persons therein (District) who may be liable to pay any internal revenue tax."

If Respondent MONDFRANS is required to adhere to the law as it relates to the jurisdictional application of the administrative summons, the statutes and implementing regulations clearly indicate such issuance of an administrative summons has limited application and authority and is not applicable for examination of the Petitioner's private books and records.

The Petitioner cannot by any doctrine of law deemed to protect his inherent Right to Privacy find any statute or regulation that would begin to establish the jurisdictional foundations for the issuance of the administrative summons as relevant to the Petitioner's status, and no evidence exists that would support otherwise. For these and all other reasons stated herein, the only just and proper remedy is to quash all administrative summonses issued in this instant case.

## XI.
### Conclusion

Clear and convincing evidence provides that BARBARA VAN MONDFRANS has issued the IRS 2039 Summons in bad faith that would result in injury to the Petitioner for pretended violations and noncompliance with the laws of internal revenue by:

(a) attempting to seize and hold an office by force and without right; and by such usurpation has seized the office, place, powers, rights, etc. of the Bureau of Alcohol, Tobacco and Firearms by failure to establish a legitimate purpose or the tax liability imposed as required by 26 U.S.C. § 7602(a)(b), 26 CFR § 301.7602-2(c)(3)(C) and 26 U.S.C. § 7602(a)(1), prior to seeking the production of books and records;

(b) attempting to usurp authority for summons by failure to submit a declaration or affidavit of good-faith disclosing the legitimate purpose for which the records sought will be used;

(c) attempting to usurp authority for summons with intentional misrepresentation and misapplication of the 26 U.S.C. § 7602, giving general applicability to the statute in violation of 44 U.S.C. § 1505(a) *et. seq.*

(d) acting *ultra vires* and outside statutory authority rendering her actions of issuing the subject summonses void or voidable pursuant to law.

## XII
## Relief Sought

**WHEREFORE;** the Petitioner prays for relief as follows:

Respondent BARBARA VAN MONDFRANS, has ignored the *Congressional mandates* of the Internal Revenue Code, including, but not limited to, 26 U.S.C. §§ 6103, 7602, 7603 and 7609, and implementing regulations therefore, as referenced, the administrative Summons must be quashed.

Based on the foregoing, Petitioner respectfully requests that the subject administrative Summonses be quashed, and that all third parties be enjoined from producing any documents relevant to the Petitioner, or in the alternative Respondent, Revenue Agent MONDFRANS and other employees of the Internal Revenue Service be barred from the examination thereof until and unless Respondent BARBARA VAN MONDFRANS, and anyone acting in concert with her, substantially complies with all applicable law.

## VERIFICATION

The undersigned, according to knowledge and belief, declares under penalty of perjury under the laws of the United States of America and of the state of Utah, that the foregoing is true and correct.

RESPECTFULLY SUBMITTED this __12th__ day of April, 2010.

ALL RIGHTS RESERVED

_____
Roger-Boyer :Felt, Secured Party Creditor and
Agent for ROGER B. FELT and/or ROGER B. FELT
D.D.S., Petitioner